UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| KERRY L. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 2:13-cv-204-JMS-WGH |
| | ) | |
| COMMISSIONER BRUCE LEMMON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting Motion for Summary Judgment, Vacating Pretrial Conference, and Directing Entry of Final Judgment**

**I. Background**

Plaintiff Kerry L. Williams ("Mr. Williams") is a prisoner confined at the Wabash Valley Correctional Facility ("Wabash Valley"). In his amended complaint, Mr. Williams alleges that defendants Commissioner Bruce Lemmon, Superintendent Richard Brown, Case Manager Aleta Burnett, Chaplain Walker, Correctional Officer Jerry Durcharme, and Religious Specialist Jerry Anderson, violated his First Amendment right to free exercise of religion and that defendants Correctional Officer Tammy Lynch, Correctional Officer K. Tomblinson, and Correctional Officer Rick Yarber retaliated against Mr. Williams in violation of his First Amendment rights. He seeks compensatory and punitive damages.

The defendants have filed a motion for summary judgment seeking resolution of the claims against them based on the affirmative defense that Mr. Williams failed to exhaust his available administrative remedies prior to filing this action. Mr. Williams has opposed the motion for summary judgment.

For the reasons explained in this Entry, the defendants' motion for summary judgment [dkt. 47] is **granted.**

## II. Discussion

### A. Legal Standards

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to the motion for summary judgment is the Prison Litigation Reform Act ("PLRA'"), which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to

properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

B.  *Undisputed Facts*

On the basis of the pleadings and the expanded record, and specifically on the portions of that record which comply with the requirements of Rule 56(c), the following facts, construed in the manner most favorable to Mr. Williams as the non-movant, are undisputed for purposes of the motion for summary judgment:

The Indiana Department of Correction ("IDOC") Policy and Administrative Procedures policy relating to the offender grievance process, #00-02-301, requires offenders to complete a three-step process in order to fully exhaust a grievance. The three steps consist of an informal complaint, formal written grievance, and appeal.

On April 3, 2013, the Wabash Valley Chaplain announced that Jumah religious services were suspended for thirty (30) days. On April 8, 2013, Mr. Williams talked to Counselor Pemberton in his housing unit in an effort to informally resolve his complaint concerning the suspension of services. Mr. Pemberton told Mr. Williams that he would talk to the Chaplain about the matter. Mr. Williams asked Mr. Pemberton on April 26, 2013, whether he had received a response from the Chaplain, and Mr. Pemberton had not. Mr. Pemberton gave Mr. Williams a grievance form. That same day, Mr. Williams received a response from the Chaplain stating that Jumah services had been cancelled for thirty (30) days because it interfered with staff during the performance of their duties.

On April 29, 2013, Mr. Williams submitted a written formal grievance to the Executive Assistant complaining that certain religious services had been suspended. The grievance was returned to Mr. Williams the next day because it was not completely filled out, as it was missing Mr. Williams' IDOC number and housing assignment. The grievance was resubmitted but was returned again on May 10, 2013, because a verification of his attempt at informal resolution was requested.

On May 22, 2013, the Executive Assistant received a complete written grievance from Mr. Williams. On June 12, 2013, the Executive Assistant denied the grievance because it was determined that the religious services were suspended due to safety and security concerns at the facility. Mr. Williams did not appeal the denial of his grievance about religious services.

Mr. Williams has filed other grievances through all three steps of the process. Mr. Williams filed this action on June 3, 2013, having signed the complaint on May 20, 2013.

C.     *Analysis*

As noted, the defendants seek summary judgment on the basis that Mr. Williams failed to exhaust his available administrative remedies. Mr. Williams contends that he did not receive a response to his grievance, so he assumed that his grievance was denied based on what he had been told before, that the IDOC approved the cancellation of Jumah services for interfering with custody staff in performing their duties. Having received no response, he decided to file this lawsuit. He acknowledges, however, that the IDOC policy provides that if a response to a grievance is not received within 25 working days, an inmate may appeal as though the grievance had been denied. *See* IDOC Grievance Policy, p. 23, docket 47-2. Mr. Williams concedes that he assumed his grievance had been denied, but he failed to take the final step in the administrative process by appealing the denial to the higher authority, the Department Offender Grievance Manager. Mr.

Williams, in fact, filed this action *before* the grievance response was issued.

It is undisputed that Mr. Williams failed to complete the exhaustion process before filing this action. Therefore, in light of 42 U.S.C. § 1997e(a), this action should not have been brought and must now be dismissed without prejudice. *See Ford,* 362 F.3d at 401 ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

### III. Conclusion

For the reasons explained above, the motion for summary judgment filed by the defendants [dkt. 47] is **granted.** Judgment consistent with this Entry and with the Entry of October 24, 2013, shall now issue.

The telephonic pretrial conference set with the Magistrate Judge on October 16, 2014, is **vacated.**

**IT IS SO ORDERED.**

Date: 9/16/2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Kerry L. Williams
DOC #953168
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

Electronically registered counsel

Magistrate Judge William G. Hussmann